OPINION
{¶ 1} Appellant, Scott Pollock, and appellee, Rose Marie Pollock, were married on May 1, 1982. Two children were born as issue of the marriage namely, Joshua born June 30, 1984 and Brandon born January 16, 1986. Both are now emancipated. On June 2, 2003, appellee filed a complaint for divorce.
 {¶ 2} A hearing before a magistrate was held on April 8, 2004. By decision filed June 9, 2004, the magistrate recommended a property division, an award of $4,500.00 per month in spousal support in favor of appellee and an award of $8,000.00 as against appellant for appellee's attorney fees.
 {¶ 3} Appellant filed objections. A hearing was held on August 16, 2004. By judgment entry filed September 8, 2004, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT, SCOTT POLLOCK TO PAY CERTAIN DEBTS OF THE MARRIAGE."
 II {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT, SCOTT POLLOCK TO PAY $4,500.00 PER MONTH IN SPOUSAL SUPPORT."
 III {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION AND ORDERED CONTRARY TO LAW IN REQUIRING APPELLANT, SCOTT POLLOCK TO PAY $8,000.00 FOR APPELLEE'S ATTORNEY'S FEES."
 I {¶ 8} Appellant claims the trial court erred in assigning him seventy-nine percent of the marital debt. We disagree.
 {¶ 9} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherryv. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v.Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 10} In the magistrate's decision at Finding of Fact No. 24, the marital debt was assigned as follows:
 {¶ 11} "The parties' consumer debt includes credit cards and revolving store charge accounts. The Wife testified that she will assume responsibility for her debts to Kohl's, J.C. Penney's, her Capital One Visa, and Kauffman's (sic). The Husband would then be responsible for his Big Tall bill, the Bank One Visa, Truliant Visa, MBNA card, as well as the Best Buy and Dick's charge accounts."
 {¶ 12} In his financial statement affidavit filed April 8, 2004, appellant listed all of the above debts as his obligations. Appellee testified her credit card obligations were Bank One Visa, Kohl's, J.C. Penney's, Care Credit and Kaufmann's. T. at 22-23.
 {¶ 13} We fail to find any abuse of discretion in accepting the parties' voluntary assignment of the debts. In addition, many of appellant's financial obligations listed in his affidavit are questionable i.e., assigning food for three persons when both sons will be in college.
 {¶ 14} Upon review, we find the trial court did not err in its division of the marital debts.
 {¶ 15} Assignment of Error I is denied.
 II {¶ 16} Appellant claims the trial court erred in awarding appellee $4,500.00 per month for seven years in spousal support. We disagree.
 {¶ 17} The award of spousal support lies in the trial court's sound discretion. R.C. 3105.18(B); Blakemore, supra.
 {¶ 18} R.C. 3105.18(C)(1) sets forth the following guidelines in determining spousal support:
 {¶ 19} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 20} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 21} "(b) The relative earning abilities of the parties;
 {¶ 22} "(c) The ages and the physical, mental and emotional conditions of the parties;
 {¶ 23} "(d) The retirement benefits of the parties;
 {¶ 24} "(e) The duration of the marriage;
 {¶ 25} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 26} "(g) The standard of living of the parties established during the marriage;
 {¶ 27} "(h) The relative extent of education of the parties;
 {¶ 28} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 29} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 30} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 31} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 32} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 33} "(n) Any other factors that the court expressly finds to be relevant and equitable."
 {¶ 34} In awarding appellee $4,500.00 per month in spousal support, the trial court stated the following:
 {¶ 35} "The Court considers the huge disparity in actual incomes of the parties and in earning potential of the parties. This is a marriage of significant duration. The parties enjoyed a standard of living well above the average. The Husband has a college education. The Wife has a high school education, and her secretarial training and experience was over twenty years ago, in a pre-computerized world.
 {¶ 36} "Most significant, the Court considers the Wife's contribution to her Husband's career and current earning status. The parties had agreed that she would be strictly a homemaker once the first child was born. The Wife's efforts included hosting for the Husband's work-related entertaining. More importantly, the Wife was incredibly supportive with every transfer necessitated by the Husband's career advancement, including to other countries." See, June 9, 2004 Magistrate's Decision at Conclusion of Law No. 2.
 {¶ 37} These facts are verified in the evidence and are undisputed. T. at 6-7, 9-10, 16, 27-28, 30, 80-82, 89.
 {¶ 38} Appellant argues a $4,500.00 spousal support obligation will be unnecessarily burdensome given his employment requirement to own a certain number of shares of his employer's stock. We fail to find this argument has any merit because as the magistrate noted, appellant "has currently reached his quota and no such mandatory wage deduction to `purchase' shares is currently in effect," many of appellant's "listed monthly expenses are unreasonable, undocumented and/or counted twice on his financial affidavit," and appellant will have the benefit of any stock he purchases as an asset. See June 9, 2004 Magistrate's Decision at Findings of Fact Nos. 11, 12 and 23. Such an asset is not an economic loss to appellant.
 {¶ 39} Upon review, we find the trial court did not err in awarding appellee $4,500.00 per month for seven years in spousal support.
 {¶ 40} Assignment of Error II is denied.
 III {¶ 41} Appellant claims the trial court erred in ordering him to pay appellee's attorney's fees. We disagree.
 {¶ 42} Previous R.C. 3105.18(H), deleted effective April 27, 2005, stated the following regarding attorney fees:
 {¶ 43} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 44} As stated supra, there exists a gross disparity between the parties' respective incomes and income expectations. Appellee's living expenses are not extraordinary. Although appellee received considerable assets in the division of the marital property, it is quite clear that appellant has the ability to pay the fees. Appellant chose assets that were not easily liquidated i.e., a Corvette, and such a burden should not be impugned to appellee.
 {¶ 45} Upon review, we find the trial court did not err in ordering appellant to pay appellee's attorney's fees
 {¶ 46} Assignment of Error III is denied.
 {¶ 47} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed.